UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEPHANIE SHARP, *et al.*, | Case No. 3:20-cv-00654-MMD-CLB |
| Plaintiffs, | ORDER |
| v. | |
| S&S Activewear, LLC, | |
| Defendant. | |

I.    **SUMMARY**

This is an employment discrimination action. Plaintiffs Stephanie Sharp, Cynthia Martinez, Patricia Speight, Laura Viramontes Garcia, Rebecca Garoutte, Anthony Baker, Sharene Wagoner, and Ruby Lopez Colocho allege that their employer, Defendant S&S Activewear, LLC, created and tolerated an environment of sexual harassment in violation of Title VII of the Civil Rights Act. (ECF No. 7 ("First Amended Complaint" or "FAC").) Plaintiffs Sharp and Speight also assert claims for retaliation under Title VII. (*Id.*) Before the Court is Defendant's motion to dismiss the FAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 9 ("Motion").) As explained further below, the Court will grant in part and deny in part Defendant's Motion.

II.   **BACKGROUND**[2]

Plaintiffs are seven women and one man who were employed by Defendant. (ECF No. 7 at 1.)  Plaintiffs allege that while they worked at Defendant's warehouse, Defendant permitted managers and some employees to play sexually graphic and misogynistic music. (*Id.* at 2.) The music referenced violence towards women, contained gendered

---

[1]Plaintiffs responded (ECF No. 15) and Defendant replied (ECF No. 18).

[2]The following facts are adapted from the FAC (ECF No. 7) unless otherwise indicated.

1   expletives, and was sexually explicit in nature. (*Id.*) Plaintiffs and many of their coworkers,

2   both men and women alike, were offended by the music and found it degrading to women.

3   (*Id.*) Defendant was aware that many employees were offended because Defendant

4   received almost daily complaints about the music. (*Id.* at 10.)

5       Some male employees, including supervisors, also engaged in other sexually

6   offensive conduct. (*Id.* at 9.) Male employees shared sexually pornographic videos, made

7   sexual hand gestures and body movements, and made sexual remarks. (*Id.*) Plaintiffs

8   also claim that male employees "were treated in a preferential manner relative to female

9   employees." (*Id.*) Male employees were permitted to yell obscenities at female

10  employees, and various male employees made remarks and inquiries about the sexual

11  orientation of at least one Plaintiff. (*Id.*)

12      Plaintiff Sharp worked for Defendant from December 11, 2018, to August 1, 2019.

13  (*Id.* at 12.) She complained to human resources manager David Zink about the offensive

14  music, but Zink told her to ignore it. (*Id.*) Sharp also complained about her supervisor,

15  Dean Anderson. (*Id.*) After she complained, Anderson began to subject Sharp to

16  "excessive scrutiny." (*Id.*) Sharp again complained about the hostility of the work

17  environment in May 2019, and was again told to ignore the music. (*Id.*)

18      Plaintiff Speight worked for Defendant from November 15, 2018, to May 30, 2019.

19  (*Id.* at 13.) Speight also complained to Zink about the offensive music on a number of

20  occasions. (*Id.*) In addition to finding the music objectionable, Speight witnessed "a

21  number of instances of sexually inappropriate conduct and statements" that occurred in

22  the warehouse. (*Id.*)

23      Sharp and Speight assert they were constructively discharged because they quit

24  due to a hostile work environment. (*Id.*)

25  ///

26  ///

27  ///

28  ///

2

1   All Plaintiffs have received right to sue letters from the EEOC at some point

2   between August and December 2020.[3] (ECF Nos. 14-2, 14-3, 14-4, 14-5, 14-6, 14-7, 14-

3   8.)

4   **III.    LEGAL STANDARD**

5   A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

6   relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide

7   "a short and plain statement of the claim showing that the pleader is entitled to relief."

8   Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While

9   Rule 8 does not require detailed factual allegations, it demands more than "labels and

10  conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*

11  *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "Factual allegations

12  must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to

13  survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a

14  claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550

15  U.S. at 570).

16  In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to

17  apply when considering motions to dismiss. First, a district court must accept as true all

18  well-pleaded factual allegations in the complaint; however, legal conclusions are not

19  entitled to the assumption of truth. *See id.* at 678. Mere recitals of the elements of a cause

20  of action, supported only by conclusory statements, do not suffice. *See id.* Second, a

21  district court must consider whether the factual allegations in the complaint allege a

22  plausible claim for relief. *See id.* at 679. A claim is facially plausible when the plaintiff's

23  complaint alleges facts that allow a court to draw a reasonable inference that the

24  defendant is liable for the alleged misconduct. *See id.* at 678. Where the complaint does

25  not permit the Court to infer more than the mere possibility of misconduct, the complaint

26  has "alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679

27

28  [3]The Court need not address Defendant's exhaustion argument as Plaintiffs supplied copies of their right to sue letters as errata to the FAC.

1
2
3

(alteration in original) (internal quotation marks and citation omitted). That is insufficient. When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *See Twombly*, 550 U.S. at 570.

4

## IV.   DISCUSSION

5
6
7
8
9
10

Defendant argues that all claims in the FAC should be dismissed, with prejudice and without leave to amend. Further, Defendant asks that the Court strike references to a collective action in the FAC, as the FAC does not allege any claims under the Fair Labor Standards Act ("FLSA"). The Court will first address the references to a FLSA collective action, then will address each of Plaintiffs' claims in the FAC and Defendant's corresponding arguments in its Motion.

11

### A.   Collective Action

12
13
14
15
16
17
18
19

As a preliminary matter, Defendant argues that Plaintiffs may not assert a collective action based on the allegations in the FAC and that all reference to a collective action should be struck. (ECF No. 9 at 23.) Plaintiffs assert that they intend to later certify a class under Federal Rule of Civil Procedure 23 (ECF No. 7 at 1-2) and preview their class certification arguments in the FAC (*id.* at 8). However, at other times in the FAC, Plaintiffs assert they are bringing a collective action pursuant to the FLSA, 29 U.S.C. §§ 201-219. (*Id.* at 3-5.) The Court agrees with Defendant that references to a FLSA collective action are not supported by the claims in the FAC.

20
21
22
23
24
25
26
27
28

Just as the FLSA and Title VII protect workplace fairness in different ways, collective actions and class actions are different mechanisms. The FLSA permits an action by "one or more employees for and in behalf of himself or themselves and other employees similarly situated" for certain violations of the FLSA. 29 U.S.C. § 216(b) (stating that collective actions may be used for violations of §§ 206, 207, 215(a)(3), and 203(m)(2)(B)). But for violations of other federal statutes, FLSA's § 216(b) does not apply, and the party seeking to bring an action on behalf of others must seek class certification under Rule 23. The FAC fails to allege facts that would support a collective action. If Plaintiffs wish to pursue claims under the FLSA, they must include factual allegations that

1   would reasonably support those claims. Although the FAC asserts that damages are
2   warranted pursuant to 28 U.S.C. § 216(b) of the FLSA, that provision addresses violations
3   of the federal minimum wage and maximum hours law. Nowhere in the FAC do Plaintiffs
4   assert any issue with pay or hours; rather, the FAC focuses on the alleged harassing
5   nature of the work environment and retaliation against Plaintiffs Sharp and Speight.

6       Defendant's Motion is therefore granted as to the references to claims brought as
7   a collective action. Plaintiffs may later seek class certification under Rule 23 as to the Title
8   VII claims alleged in the FAC, but if Plaintiffs intend to assert claims that would support a
9   FLSA collective action, they must amend the complaint and include facts that allege a
10  violation of the FLSA. Accordingly, the Court strikes all references to a collective action
11  from the FAC.

12      **B.    Sexual Harassment**

13      Defendant next argues that Plaintiffs' sexual harassment claim must be dismissed.
14  Although the FAC is somewhat meandering in style, Plaintiffs allege at various points that
15  Defendant has violated Title VII by subjecting them to "a sexually hostile work
16  environment." (ECF No. 7 at 12.) Plaintiffs' claim alleges that both male and female
17  employees were offended by the loud, graphic, sexually explicit music Defendant
18  permitted to be played at work. (*Id.* at 8-12.) Defendant argues that Plaintiffs' claim fails
19  as a matter of law because both men and women were offended by the sexually explicit
20  and offensive music—therefore no individual or group was subjected to harassment
21  because of their sex or gender. (ECF No. 9 at 5, 9.) The Court agrees with Defendant.

22      "Title VII does not prohibit all verbal or physical harassment in the workplace; it is
23  directed only at '*discriminat[ion]* . . . because of . . . sex.'" *Oncale v. Sundowner Offshore*
24  *Servs., Inc.*, 523 U.S. 75, 80 (1998) (quoting 42 U.S.C. § 2000e-2(a)) (emphasis in
25  original). "The critical issue, Title VII's text indicates, is whether members of one sex are
26  exposed to disadvantageous terms or conditions of employment to which members of the
27  other sex are not exposed." *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)
28  (Ginsburg, J., concurring)); *see also Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061,

1067 (9th Cir. 2002) ("Discrimination is the use of some criterion as a basis for difference in treatment . . . In the context of our civil rights laws, including Title VII, discrimination is the use of a *forbidden* criterion as a basis for a *disadvantageous* difference in treatment.") (emphasis in original).

Plaintiffs argue that the music played was offensive to both male and female employees. The eight Plaintiffs bringing this action are seven women and one man, all asserting that the music was subjectively offensive to them and that it was severe enough to constitute a hostile work environment. But Plaintiffs fail to state an actionable Title VII claim because they fail to allege that the offending conduct was discriminatory. The music was played warehouse wide and all employees were subjected to it. Nowhere in the FAC do Plaintiffs assert that any employee or group of employees were targeted, or that one individual or group was subjected to treatment that another group was not. While the music may indeed have been offensive, sexually explicit, and inappropriate for a work environment, the FAC alleges that it was not directed at employees of either sex. Because "Title VII does not prohibit all verbal or physical harassment in the workplace" but rather "is directed only at '*discriminat[ion]* . . . because of sex," Plaintiffs' claim fails to allege a Title VII violation. *See Oncale*, 523 U.S. at 80.

Because Plaintiffs do not assert that they were discriminated against on the basis of sex, the Court will dismiss the sexual harassment claim. As Plaintiffs have repeatedly alleged that both men and women were offended by the music, the Court further finds that no amendment could cure the claim and will therefore dismiss it with prejudice. However, as explained further below in Part D, the Court will grant Plaintiffs leave to amend their sexual harassment claim as it relates to other alleged offending conduct.

## C.  Retaliation

Defendant makes two arguments concluding that Sharp and Speight's retaliation claims must fail. First, Defendant argues that because Plaintiffs have not alleged a viable Title VII sexual harassment claim, they may not claim retaliation. (ECF No. 9 at 15.) Defendant further argues that even if Plaintiffs had adequately pleaded their sexual

1  harassment claim, neither Sharp nor Speight has alleged an adverse employment action,

2  which is a *prima facie* requirement of a Title VII retaliation claim. (*Id.* at 16-17.) Because

3  the Court finds neither argument persuasive, Defendant's Motion will be denied as to

4  Sharp and Speight's retaliation claims.

5       Under Title VII, it is "an unlawful employment practice for an employer to

6  discriminate against any of [their] employees . . . because [the employee] has opposed

7  any practice made an unlawful employment practice by [Title VII], or because [the

8  employee] has made a charge, testified, assisted, or participated in any manner in an

9  investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3. To establish

10  a *prima facie* case of retaliation, a plaintiff must demonstrate (1) involvement in a

11  protected activity, (2) an adverse employment action and (3) a causal link between the

12  two." *See Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). "[E]mployees

13  who are subject to adverse employment actions because they lodged complaints of

14  sexual harassment can raise a retaliation claim under Title VII." *Id.* at 923.

15       However, when stating a retaliation claim under Title VII, "[i]t is unnecessary that

16  the employment practice actually be unlawful; opposition thereto is protected when it is

17  'based on a '*reasonable belief*' that the employer has engaged in an unlawful employment

18  practice.'" *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 970 (9th Cir. 2002)

19  (quoting *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994) (emphasis in original, citation

20  omitted); *see also Smith v. Cnty. of Santa Clara*, Case No. 5:11-cv-05643-EJD, 2016 WL

21  4076193 (N.D. Cal. Aug. 1, 2016) ("[A] retaliation can still survive . .  when an employee

22  complains of or opposes a practice that . . . she reasonably believes is unlawful, even a

23  court later determines the conduct was not actually prohibited").

24       As explained above, Plaintiffs have not adequately alleged their sexual

25  harassment claim. However, it may be that Plaintiffs reasonably believed playing the

26  offensive music—or other alleged offending conduct—constituted sexual harassment.

27  Taking all allegations in the FAC as true, the Court could justifiably infer that Plaintiffs

28  sincerely and reasonably believed Defendant's actions violated Title VII. Thus, the Court

rejects Defendant's assertion that the retaliation claim necessarily fails solely because the sexual harassment claim does.

The Court is likewise unpersuaded that a failed harassment claim necessarily defeats a constructive discharge allegation. Defendant argues that if Plaintiffs fail to state a viable claim for sexual harassment, they necessary cannot raise a claim for constructive discharge. (ECF No. 9 at 16.) But that maxim applies when the alleged harassment is insufficiently severe or pervasive. *See Brooks*, 229 F.3d at 930 ("Where a plaintiff fails to demonstrate the severe or pervasive harassment necessary to support a hostile work environment claim, it will be impossible for her to meet the higher standard of constructive discharge: conditions so intolerable that a reasonable person would leave the job."). Here, Plaintiffs' claim fails not because the alleged harassment was insufficiently severe, but because there was no link between Plaintiffs' sex and the offending conduct. The antiretaliation provision of Title VII operates not to prevent offending conduct, but to protect employees who complain about believed violations.

Finally, the Court rejects Defendant's argument that Sharp and Speight fail to allege an adverse employment action. Despite that the FAC alleges scant facts relating to Sharp and Speight's constructive discharge, both Plaintiffs do allege that their working conditions were intolerable because of the offending conduct, and that they quit as a result. "[C]onstructive discharge occurs when the working conditions deteriorate, as a result of discrimination, to the point that they become 'sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job and earn a livelihood and to serve his or her employer.'" *Brooks*, 229 F.3d at 930 (quoting *Turner v. Anheuser-Busch, Inc.*, 876 P.2d 1022, 1026 (Cal. 1994)). Plaintiffs have so alleged; accordingly, Defendant's Motion will be denied.

### D.    Leave to Amend

Plaintiffs request leave to amend if the Court dismisses any of the claims in the FAC. (ECF No. 15 at 21-22.) The Court has discretion to grant leave to amend and should freely do so "when justice so requires." Fed. R. Civ. P. 15(a); *see also Allen v. City of*

1  *Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Nonetheless, the Court may deny leave

2  to amend if it will cause: (1) undue delay; (2) undue prejudice to the opposing party; (3)

3  the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies;

4  or (5) the amendment would be futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512

5  F.3d 522, 532 (9th Cir. 2008). Facts raised for the first time in a plaintiff's opposition

6  papers should be considered by the Court in determining whether to grant leave to amend

7  or to dismiss the complaint with or without prejudice. *See Orion Tire Corp. v. Goodyear

8  Tire & Rubber Co.*, 268 F.3d 1133, 1137-38 (9th Cir. 2001).

9       The Court agrees with Defendant that Plaintiffs' claim regarding music played in

10  the warehouse is fatally flawed and therefore will be dismissed with prejudice and without

11  leave to amend. However, the FAC includes cursory allegations of other offensive

12  conduct independent of the offensive music, including (1) male employees openly shared

13  pornographic videos at work, (2) male employees pantomimed sexual intercourse, (3)

14  male employees "were treated in a preferential manner relative to female employees," (4)

15  sexual remarks were made by various male employees, (5) male employees subjected

16  female employees to retaliatory hostility when they complained about sexual harassment,

17  (6) male employees made inappropriate comments about one of the Plaintiffs' sexual

18  orientation, and (7) male employees and managers grabbing their genitals while looking

19  at female employees. (ECF No. 7 at 9-10.) As pleaded, these allegations are conclusory

20  and vague, lacking sufficient facts to plausibly allege a Title VII claim. However, each of

21  these allegations may (or may not) support a plausible claim that one or more of the

22  Plaintiffs was subject to discriminatory conduct because of their sex, gender, or sexual

23  orientation. Accordingly, the Court will grant Plaintiffs leave to amend the FAC to

24  adequately allege a sexual harassment hostile work environment claim under Title VII.

25  **V.    CONCLUSION**

26       The Court notes that the parties made several arguments and cited to several

27  cases not discussed above. The Court has reviewed these arguments and cases and

28

determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 9) is granted in part and denied in part, as stated herein. Plaintiffs' sexual harassment claim with respect to the music played in the warehouse is dismissed with prejudice and without leave to amend. However, Plaintiffs may amend their complaint to assert other bases of sexual harassment that support a sexual harassment claim. Defendant's motion to dismiss is denied as to Sharp and Speight's retaliation claims. Any amended complaint must either in remove references to a collective action or state a claim under the FLSA.

It is further ordered that Plaintiffs must file an amended complaint within 30 days if they wish to proceed with this action. If Plaintiffs do not file an amended complaint, this action will proceed on Sharp and Speight's retaliation claims, as pleaded, only.

DATED THIS 8th Day of December 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE