UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEPHANIE SHARP, *et al.*,<br><br>                              Plaintiffs,<br>       v.<br><br>S&S ACTIVEWEAR, LLC,<br><br>                              Defendant. | Case No. 3:20-cv-00654-MMD-CLB<br><br>ORDER |

## I.    SUMMARY

This is an employment discrimination action. Before the Court is Plaintiffs' unopposed[1] motion for leave to appeal the Court's final order dismissing their Title VII sexual harassment claim with prejudice pursuant to Federal Rule of Civil Procedure 54(b). (ECF No. 27 ("Motion").) As explained below, the Court will grant the Motion, direct entry of partial final judgment, and stay this case.

## II.   BACKGROUND

Plaintiffs Stephanie Sharp, Cynthia Martinez, Patricia Speight, Laura Viramontes Garcia, Rebecca Garoutte, Anthony Baker, Sherene Wagoner, and Ruby Lopez Colocho allege that their employer, Defendant S&S Activewear LLC, created and tolerated an environment of sexual harassment in violation of Title VII of the Civil Rights Act. (ECF No. 7 ("First Amended Complaint" or "FAC").) The crux of Plaintiffs' argument was that Defendant permitted sexually graphic and offensive music to be played in its warehouse, which was offensive to both women and men who worked in the warehouse. (*Id.*) Defendant moved to dismiss the FAC under Rule 12(b)(6), arguing in part that because Plaintiffs facially allege that both men and women were offended by Defendant's conduct,

---

[1]Defendant responded (ECF No. 28) and "takes no position as to whether an intermediate appeal is appropriate."

they could not claim discrimination "because of sex" and amendment would be futile. (ECF No. 9.)

The Court granted Defendant's motion to dismiss in part on December 8, 2021, but also granted Plaintiffs leave to amend to support other theories of harassment which included discriminatory behavior. (ECF No. 25 at 10 ("Order").) Although not central to the FAC, Plaintiffs did assert that Defendant permitted male employees to engage in other discriminatory behavior, including that male employees openly shared pornographic videos at work, made sexual hand gestures and body movements directed at female employees, and were treated in a preferential manner compared to other female employees. (ECF No. 7 at 9-10.) Although these allegations were cursory, the Court reasoned these claims could be cured with amendment, and granted Plaintiffs leave to file an amended complaint within 30 days. (ECF No. 25 at 9-10.) However, because Plaintiffs squarely argued that the playing of allegedly misogynistic rap music occurred warehouse-wide and employees of differing gender identities were offended, the Court concluded that Plaintiffs had fatally failed to allege that Defendant discriminated against Plaintiffs "because of sex." (ECF No. 25 at 5.) Accordingly, the hostile work environment sexual harassment claim was dismissed with prejudice, as amendment would be futile.

**III.   DISCUSSION**

"When an action presents more than one claim for relief . . . the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). To enter judgment against a single claim, "the district court first must render 'an ultimate disposition of an individual claim.'" *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 574 (9th Cir. 2018) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). Second, the district court must find there is "no just reason for delay." *Id.* When deciding what constitutes an individual claim, the Ninth Circuit takes "a pragmatic approach" which focuses on whether the ostensibly multiple claims are separately justiciable. *Id.* at 574-75. Under this approach, "[c]laims with partially 'overlapping facts' are not 'foreclosed from

being separate for purposes of Rule 54(b).'" *Id.* at 575 (quoting *Wood v. GCC Bend, LLC*, 422 F.3d 873, 881(9th Cir. 2005)). District courts must use their discretion to determine whether "judicial administrative interests" and "the equities involved" are best served by severing the finally decided claims from those still pending. *Id.* (quoting *Curtiss-Wright*, 466 U.S. at 8). However, when "an important and controlling legal issue . . . cuts across" or "curtails" both final and non-adjudicated claims, the Ninth Circuit has found certification to appeal appropriate. *Wood*, 422 F.3d at 881.

Certification to appeal is appropriate because Plaintiffs' sexual harassment claim, as it relates to the playing of rap music which offended both male and female employees, is a final order of this Court that is sufficiently factually dissimilar from other potential claims. Moreover, appellate review of this Court's decision may be useful in guiding the remaining claims. If Plaintiffs seek to pursue a similar theory of hostile work environment, in which men and women assert claims for the same conduct, the Court's holding that such action is not discriminatory as a matter of law would curtail those claims. If Plaintiffs do not, then the issues involved in the hostile work environment claim are sufficiently separate and may proceed independently from Plaintiffs other claims. Accordingly, the Court will grant Plaintiffs' Motion.

**IV.    CONCLUSION**

It is therefore ordered that Plaintiffs' unopposed motion for entry of partial final judgment and Rule 54(b) certification (ECF No. 27) is granted.

It is further ordered that this action is stayed until a decision is made on Plaintiffs' appeal.

///

///

///

///

///

///

The Clerk of Court is directed to enter final judgment in favor of Defendant as to Plaintiffs' Title VII hostile work environment claim in accordance with the Court's December 8, 2021, order. Pursuant to Rule 54(b), the Court finds no just reason for delaying entry of judgment on this claim.

DATED THIS 27th Day of December 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE